UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION


| | | |
|---|---|---|
| In the Matter of: | : | Chapter 7 |
| | : | |
| TEHERAN WATERS  and | : | |
| ROMONA T. WATERS, | : | |
| | : | |
| Debtors | : | Case No. 04-50100 RFH |
| | : | |
| | : | |
| RLI INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| TEHERAN WATERS, | : | Adversary No. 09-5014 |
| | : | |
| Defendant | : | |


BEFORE

ROBERT F. HERSHNER, JR.
UNITED STATES BANKRUPTCY JUDGE


COUNSEL:

Plaintiff:                     Thomas F. Bohan
                               P.O. Box 26937
                               Macon, GA 31221


Defendant:                     Pro Se

## MEMORANDUM OPINION

RLI Insurance Company, Plaintiff, filed with the Court on September 11, 2009, a motion for summary judgement.  Teheran Waters, Defendant, did not file a response. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

"A motion for summary judgment should be granted when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'  Fed.R.Civ.P 56(c). '[T]he plain language of Rule 56(c) mandates the entry of summary judgement . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986); *see also Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir.1996).  On a summary judgement motion, the record and all reasonable inferences that can be drawn from it must be viewed in the light most favorable to the non-moving party.  *See Cast Steel*, 348 F.3d at 1301."  Midrash Sephardi, Inc. v. Town of Surfside, 366  F.3d 1214, 1223 (11th Cir. 2004), cert denied 543 U.S. 1146, 125 S.Ct. 1295, 161 L. Ed. 2d 106 (2005).

2

Keno Waters is the minor son of Defendant.[1]  Keno Waters was injured in an automobile accident on April 27, 2002.  Defendant was his son's guardian. On December 3, 2002, Defendant, as guardian, took an oath that he would faithfully account for the settlement proceeds from the automobile accident.  Defendant, as guardian, received $15,522.74 in settlement proceeds.  Defendant obtained a surety bond from Plaintiff for $16,000.

On August 27, 2003, the Probate Court of Twiggs County, Georgia, held a hearing and required Defendant to render a full and complete accounting of all money and property received, to account for all actions taken in his fiduciary capacity, and to show cause why he should not be removed from his fiduciary capacity.[2]  Defendant was represented by counsel at the hearing.

The probate court published its "Assessment Order" on September 30, 2003. The probate court determined that "After receiving said [settlement] funds, Teheran Waters [Defendant], guardian made numerous unauthorized expenditures or otherwise encroached upon the corpus without leave of the Court."  The probate court determined that "[$11,755.09 of] expenditures itemized on the return are unauthorized and [are] the individual responsibility of the guardian [Defendant] and his wife."

The probate court ordered Defendant and Plaintiff, as surety, to pay $11,755.09

---

[1] See Schedule I of Defendant's bankruptcy petition.

[2] Defendant apparently was removed as guardian because a successor guardian was appointed.

3

to the successor guardian of the estate of Keno Waters.  The probate court's order

stated:

> If any portion of said sum is paid by RLI Insurance
> Company [Plaintiff], then judgment is hereby given
> against Teheran Waters [Defendant] in favor of RLI
> Insurance Company [Plaintiff] for any sums paid by RLI
> Insurance Company [Plaintiff].
>
> SO ORDERED this 30th day of September, 2003.

Plaintiff, as surety, paid $11,755.09 to the successor guardian.  Pursuant to the

probate court's order, Defendant owes an obligation of $11,755.09 to Plaintiff.

Defendant and his wife filed a petition under Chapter 13 of the Bankruptcy

Code on January 12, 2004.  The Chapter 13 case was converted to a Chapter 7 case on

November 5, 2008.  Plaintiff filed on February 9, 2009, a complaint objecting to the

dischargeability of Defendant's obligation under section 523(a)(4) of the Bankruptcy

Code.  Defendant filed a response on March 12, 2009.

In its motion for summary judgment, Plaintiff contends that it is entitled to

judgment as a matter of law based upon the proceedings in probate court.  Plaintiff

contends that collateral estoppel applies to the issues decided in the probate court.

"Collateral estoppel prohibits the relitigation of issues that have been

adjudicated in a prior action.  The principles of collateral estoppel apply in discharge

exception proceedings in bankruptcy court."  Bush v. Balfour Beatty Bahamas, Ltd.

4

(In re Bush), 62 F.3d 1319, 1322 (11th Cir. 1995).

In St. Laurent v. Ambrose (In re St. Laurent),[3] the Eleventh Circuit Court of

Appeals stated:

> If the prior judgment was rendered by a state court, then
> the collateral estoppel law of that state must be applied to
> determine the judgment's preclusive effect. . . .  While
> collateral estoppel may bar a bankruptcy court from
> relitigating factual issues previously decided in state court,
> however, the ultimate issue of dischargeability is a legal
> question to be addressed by the bankruptcy court in the
> exercise of its exclusive jurisdiction to determine
> dischargeability.

991 F.2d at 675-76.

In Sterling Factors, Inc. v. Whelan,[4] the United States District Court for the

Northen District of Georgia sated:

> The following elements are required to establish a claim
> of collateral estoppel under Georgia law: (1) There must
> be an identity of issues between the first and second
> actions; (2) the duplicated issue must have been actually
> and necessarily litigated in the prior court proceeding; (3)
> determination of the issue must have been essential to the
> prior judgment; and (4) the party to be estopped must have
> had a full and fair opportunity to litigate the issue in the
> course of the earlier proceeding.

245 B.R at 704.

In Georgia a probate court is a court of competent jurisdiction for purposes of

---

[3] 991 F.2d 672 (11th Cir. 1993).

[4] 245 B.R. 698 (N.D. Ga. 2000).

5

collateral estoppel.  <u>Boozer v. Higdon</u>, 252 Ga. 276, 313 S.E.2d 100, 102 (1984).

Section 523(a)(4) of the Bankruptcy Code provides:

> ### § 523.  Exceptions to discharge
> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . .
>
> > (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

11 U.S.C.A. § 523(a)(4) (West 2004).

Plaintiff has the burden of proving all facts essential to support its objection to dischargeability by a preponderance of the evidence.  <u>Grogan v. Garner</u>, 498 U.S. 279, 112 L. Ed. 2d 755, 111 S. Ct. 654 (1991).

Exceptions to dischargeability are to be construed strictly.  <u>Schweig v. Hunter</u> (<u>In re Hunter</u>),  780 F.2d 1577, 1579 (11th Cir. 1986).  "The exceptions to discharge were not intended and must not be allowed to swallow the general rule favoring discharge."  <u>Murphy & Robinson Investment Co. v. Cross (In re Cross)</u>, 666 F.2d 873, 880 (5th Cir. Unit B 1982).

The Georgia legislature completely rewrote the guardianship statutes effective July 1, 2005.  2004 Ga. Laws p. 161, HB 229.  Defendant was his minor son's guardian during 2002 and 2003.  Defendant's powers, duties and obligations as guardian are governed by the pre-2005 statutes.

6

The Court is persuaded that Plaintiff is the proper party to bring this nondischargeability action.  A surety who pays the debt of his principal is subrogated to all the rights of the creditor.  The surety may proceed immediately against his principal for the debt paid.  O.C.G.A. §§ 10-7-41,-56 (2009).

Plaintiff was called upon to honor its surety bond.  Plaintiff is subrogated to all rights that the successor guardian could have asserted against Defendant.  This includes the right to contend that Defendant's obligation is nondischargeable under §523(a)(4).  Pennsylvania Mutual Casualty Insurance Co. v. Barnes (In re Barnes), 317 B.R. 187, 193-94 (Bankr. M.D. Ga. 2004) (Hershner, C.J.).

Plaintiff contends that Defendant's obligation arose from a "defalcation while acting in a fiduciary capacity."  First, Plaintiff must show that Defendant was "acting in a fiduciary capacity."  Collier on Bankruptcy states:

> **(d)—The Meaning of "While Acting in a Fiduciary Capacity": §523(a)(11); § 523(e).**
>
> . . .
>
> For purposes of section 523(a)(4), the definition of "fiduciary" is narrowly construed, meaning that the applicable nonbankruptcy law that creates a fiduciary relationship must clearly outline the fiduciary duties and identify the trust property.  If applicable nonbankruptcy law does not clearly and expressly impose trust-like obligations on a party, the court will not assume that such duties exist and will not find that there was a fiduciary relationship.
>
> . . .

7

> Certain relationships are generally recognized as involving fiduciary obligations within the meaning of section 523(a)(4). [G]uardians . . . have been held to be acting in a fiduciary capacity within the meaning of this provision.

4 Collier on Bankruptcy ¶ 523.10 [1][d] (15th ed. rev. 2009).

See also Guerra v. Fernandez-Rocha (In re Fernandez-Rocha), 451 F.3d 813, 816 (11th Cir. 2006). (fiduciary refers to technical trusts or express trusts created by contract but not to resulting or constructive trusts created by operation of law).

"A guardian owes a duty of undivided loyalty to his ward and must not place himself in a position where his own personal interests conflict or may conflict with the interests of his ward." SunTrust Bank, Middle Georgia, N.A. v. Harper, 250 Ga. App. 300, 551 S.E.2d 419, 426 (2001) cert. denied (2002).

"It is difficult to conceive of a more confidential relationship that can exist between two persons than that of guardian and ward, insofar as the property rights of the later are concerned." Kelley v. Kelley, 129 Ga. App. 257, 199 S.E.2d 399, 402 (1973).

A guardian is an agent appointed by law whose duties are fixed by law. Ray v. National Health Investors, Inc., 280 Ga. App. 44, 633 S.E.2d 388, 393 (2006).

Georgia law imposes specific statutory powers and duties upon guardians of minors. O.C.G.A. §§ 29-2-1 to -7 (2003) (current version at §§ 29-2-20 to -25) (2007 and Supp. 2009).

8

Defendant, as guardian, was already a fiduciary when he encroached upon the corpus of the settlement finds.  See In re Fernandez - Rocha, 451 F.3d at 816, n. 4 (§523(a)(4) applies to a person who was already a fiduciary when the delfacation occurred).

The Court is persuaded that Defendant, as his minor son's guardian, was "acting in a fiduciary capacity" for purposes of § 523(a)(4).

Next, Plaintiff must show that Defendant committed a defalcation.  In Quaif v. Johnson,[5] the Eleventh Circuit Court of Appeals stated:

> "Defalcation" refers to a failure to produce funds entrusted to a fiduciary.  However, the precise meaning of "defalcation" for purposes of § 523(a)(4) has never been entirely clear.  An early, and perhaps the best, analysis of this question is that of Judge Learned Hand in *Central Hanover Bank & Trust Co. v. Herbst*, 93 F.2d 510 (2nd Cir.1937).  Judge Hand concluded that while a purely innocent mistake by the fiduciary may be dischargeable, a "defalcation" for purposes of this statute does not have to rise to the level of "fraud," "embezzlement," or even "misappropriation."  Some cases have read the term even more broadly, stating that even a purely innocent party can be deemed to have committed a defalcation for purposes of § 523(a)(4).

4 F.3d at 995.

Bad faith is not a necessary element of defalcation.  General Produce, Inc. v. Tucker (In re Tucker), 2007 WL 1100482 (Bankr. M.D. Ga., April 10, 2007) (Walker, J.).

---

[5] 4 F.3d 950 (11th Cir. 1993).

The probate court, after a hearing where Defendant was represented by counsel, determined that Defendant, as guardian, "made numerous unauthorized expenditures or otherwise encroached upon the corpus without leave of the Court."

A guardian, without leave of court, cannot spend money from the corpus of the ward's estate. <u>Leigh v. Fears</u>, 145 Ga. App. 644, 244 S.E.2d 616, 618 (1978). <u>See</u> O.C.G.A. § 22-9-2 (2003).

The Court is persuaded that collateral estoppel applies to the probate court's determination. The issue of mismanagement of funds was raised and litigated in the probate court proceeding and was necessary to the probate court's final decision. Defendant was represented by counsel. The probate court is a court of competent jurisidiction for purposes of collateral estoppel. <u>Boozer</u>, 313 S.E. 2d at 102.

The Court is persuaded that Defendant, acting as a fiduciary, misappropriated funds of his ward for Defendant's personal use. The Court is persuaded that Defendant's obligation is nondischargeable under § 523(a)(4). The Court is persuaded that Plaintiff is entitled to summary judgment.

An order in accordance with this memorandum opinion will be entered this date.

DATED this 7th day of December 2009.

/s/ Robert F. Hershner, Jr.
_____
ROBERT F. HERSHNER, JR.
United States Bankruptcy Judge

10